Gunter, J.
So far as material to this ruling the complaint alleges the appointment of M. M. Burnett as patrolman by the fire and police board, said city, evidenced by recorded resolution; that thereafter his initials were erased from the resolution and the record made to read the appointment of E. J. Burnett; that appellee demanded the restoration of the record ; this the board denied. Mandamus below resulted in a finding of the issues for appellee, and in an order that the record be restored.
Appellants urge as ground for reversal, that the evidence below was insufficient to show the appointment of M. M. Burnett. '
It would avail nothing to discuss in detail the evidence; it suffices to say, that an examination of it is convincing that the vote on the question of appointment was taken upon petitioner M. M. Burnett, not E. J. Burnett, and that he, M. M. Burnett was by resolution appointed patrolman, and the resolution so originally recorded, but that the record was after-wards mutilated by erasing the initials “M. M.” and substituting the initials “E. J.” therefor. Further, such was the finding of the trial court. This finding was on conflicting evidence and by it we are concluded. E. J. Burnett was not a necessary or proper party to this proceeding.—Farrall v. King, 41 Conn. 448.
Judgment affirmed.

Affirmed.